**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BILLIE N. OGLETREE, | : | |
| | : | CIVIL ACTION NO. |
| Petitioner, | : | 1:05-CV-1568-RWS |
| | : | |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:02-CR-96-RWS |
| | : | |
| Respondent. | : | |

**ORDER**

This case comes before the Court on Petitioner Billie N. Ogletree's Motion to Vacate, Set Aside or Correct Sentence [64]. After reviewing the entire record, the Court enters the following Order.

On February 19, 2002, Petitioner pleaded guilty to six counts of conspiring to obtain veterans benefits to which their was no legitimate entitlement in violation of 18 U.S.C. § 371, and conspiring to money launder in violation of 18 U.S.C. §§ 1956(a) & (b). Petitioner was sentenced by this Court on June 21, 2002, to 63 months of imprisonment followed by 3 years of supervised release. In calculating the sentence, the Court relied upon the United

States Sentencing Guidelines, which were mandatory at the time of sentencing. Judgment was entered on June 24, 2002 [30], and Petitioner has not pursued a direct appeal.

Almost three years after judgment was entered, Petitioner brought the instant motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. In her motion, Petitioner contends that the Supreme Court's decisions in <u>Blakely v. Washington</u>, 124 S. Ct. 2531, 2537 (2004), and <u>United States v. Booker</u>, 125 S. Ct. 738, 749-56 (2005), should apply retroactively to cases on collateral review. Accordingly, Petitioner requests a new sentencing hearing. For the reasons that follow, the Court denies Petitioner's Motion.

Under 28 U.S.C. § 2255, movants typically must file a motion seeking relief from a conviction or sentence within one year of "the date on which the judgment of conviction [became] final[.]" <u>See</u> 28 U.S.C. § 2255, ¶ 6(1). However, a § 2255 motion may be timely if the petitioner brings the motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." <u>See</u> 28 U.S.C. § 2255, ¶ 6(3).

AO 72A
(Rev.8/82)

Given the posture of this case, Petitioner is unable to avail herself of either limitations provision.  First, over three years passed between the date when Petitioner's conviction became final and the date she filed her Motion.  Thus, her Motion does not fall within the purview of 28 U.S.C. § 2255, ¶ 6(1).  In any event, the Eleventh Circuit has ruled that "Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do *not* apply retroactively to § 2255 cases on collateral review."  Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (emphasis in original).  Because Petitioner's Motion to Vacate, Set Aside or Correct Sentence [64] is both untimely and without merit, it is **DENIED**.

**SO ORDERED** this   4th   day of December, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)